# Petition of Castleman.

## Petition of Allen.

## Petition of Iler

(Decided Jan. 22, 1935.)

JOHN C. DOOLAN and LAFON ALLEN for petitioner David R. Castleman.

C .C. TURNER, J. PELHAM JOHNSTON and J. D. MOCQUOT for Board of Bar Examiners.

OPINION OF THE COURT BY JUDGE REES—Dismissing petitions.

On June 20, 21, and 22, 1934, a bar examination was held in Frankfort, Ky. One hundred forty-three applicants appeared to take the examination. Shortly after the examination and before the Board of Examiners on Admission to the Bar had graded the papers, the board received information that widespread fraud had been practiced during and previous to the examination. A thorough investigation was made by the board, and on December 20, 1934, it filed a report in the Court of Appeals recommending that the examination held in June, 1934, be set aside. It appeared from the report that one or more of the applicants, a few days before the examination, had, by bribery, procured from some employee of the printer copies of the questions which had been prepared by the Board of Examiners to be used in the examination, and that copies of the questions were sold by these persons to other applicants. It further appeared that many applicants who were innocent of participation in the fraud indirectly benefited from it because of the discussions which they overheard between applicants who had procured copies of the questions. The board reported that it was utterly impossible from the evidence heard to determine with certainty the names of all of the applicants who had benefited directly or indirectly by reason of the fraud that had been perpetrated. By an order of the Court of Appeals entered on December 21, 1934, the examination held in June, 1934, was set aside, and it was ordered that the several applicants at that examination who had not been deprived of the right to take a future examination by their misconduct should be permitted to take the examination thereafter without additional cost upon the filing of a new application accompanied by a new certificate of character.

Mr. David R. Castleman, Jr., one of the applicants who took the examination in June, 1934, has filed his petition in this court asking that the order of December

21, 1934, declaring the examination void be set aside in so far as it affects him, and that a rule issue against the Board of Examiners to show cause, if any they have, why they should not grade his papers and announce the result thereof in the usual course. He alleges that he complied with all the preliminary requirements, and that he never received at any time any information regarding the questions asked by the board, except from the official questions themselves handed to him by the board at the time of the examination; that his answers to the questions were formed and written by him solely upon the basis of his previous study and preparation; that he took no part in the alleged fraud and knew nothing concerning it until long after the examination had been held.

Mr. Grandison G. Allen and Mr. Arthur T. Iler have filed similar petitions.

The board has filed a response to each of the petitions in which it is conceded that the evidence taken before it upon the investigation of the June, 1934, examination showed no misconduct of any kind or nature by David R. Castleman, Jr., Grandison G. Allen, or Arthur T. Iler, and it is further stated in the response that it is the personal opinion of the members of the board that none of the petitioners was in fact guilty upon such examination or prior thereto of any unfair or unconscionable conduct connected therewith. It appears from the response and from the report filed on December 20, 1934, that the board is satisfied by the evidence heard by it that the three petitioners and many other applicants who took the examination had no connection whatever with the fraud perpetrated prior to and during the examination, but it is unable from the evidence to select all who were entirely free from guilt. To select only those as to whom the evidence of innocence is convincing and to grade their papers would result in casting a reflection upon all who were not so selected and in doing an injustice to a number of applicants who had taken no part in the misconduct complained of and had benefited from it neither directly nor indirectly. It appears that many of the applicants, though guilty of no misconduct themselves prior to or during the examination, were influenced by a false conception of their duty to other applicants who were guilty of misconduct and failed to divulge all the information in their possession.

While the order entered on December 21, 1934, may cause considerable temporary hardship to certain individuals, such as petitioners, who took the examination honestly and in good faith, yet we are of the opinion that under the circumstances it is to the best interests of all concerned, including the profession itself, that the order should not be set aside or modified. It will not only purge the last examination of the fraud committed, but it will serve as a guide to honorable conduct and a deterrent to fraud in the future. We approve the following statements which appear in the response filed by the Board of Examiners:

"Likewise, one of the basic reasons for asking that the whole examination be declared void was that your Board then believed, and yet believes that by thus notifying the applicants at that examination, and all applicants at future examinations, that the Board intends to approve nothing but clean and upright examinations, will in the future have the tendency to make each and every applicant a guardian of the purity of each and every examination in his own interest; and your Board, from its experience in holding these examinations, believes it has a right to expect such future results. Your Board says that in its action in this whole matter, it has been animated chiefly by the conception that it should endeavor to act in harmony with the prevalent determination throughout the whole country to elevate the bar and its personnel, and to consider the rights of individuals as subservient to the accomplishment of that great purpose.

"Our experience, as members of this Board, teaches us that the best way to bring about clean and fair examinations in the future is to let it be definitely known to each applicant that he is one of the guardians of the purity of such examination, and that it is his solemn duty to report at once to the Board any improper conduct known to him, to the end that he may protect his own rights at such examination."

For the reasons indicated, the relief prayed for is denied, and the petition in each instance is dismissed.

Whole court sitting.